UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA SANCHEZ, | No. 2:20-cv-01436 TLN AC |
| Plaintiff, | |
| v. | ORDER |
| ABBOTT LABORATORIES, | |
| Defendant. | |

This matter is before the court on defendant's motion to compel plaintiff's appearance at a second deposition, for a protective order, and for sanctions. ECF No. 17. Since the filing of the motion, the parties have stipulated to plaintiff's appearance at a second deposition; according to the joint statement, defendant now seeks an order that (1) requires plaintiff to arrange for an attorney other than Shunt Tatavos-Gharajeh to defend plaintiff's next deposition(s); (2) requires plaintiff's counsel to refrain from speaking objections; (3) requires plaintiff's counsel to refrain from inappropriate conduct, including but not limited to name calling and personal attacks; and (4) sanctions plaintiff's counsel in the amount of $5,000 for the costs of having to bring a discovery motion. ECF No. 25 at 2. Plaintiff argues the requests are baseless, and defendant should instead be sanctioned in the amount of $5,335.00. Id. at 23.

The undersigned has reviewed the deposition transcript excerpts filed at ECF No. 25-2. During plaintiff's deposition, Mr. Tatavos-Gharajeh unjustifiably accused defense counsel, Ms.

1

Beilke, of making "ridiculous statements." ECF No. 25-2 at 17-18.[1] Mr. Tatavos-Gharajeh told defense counsel to "stop being dramatic," told counsel to "take it easy," and said "You're not in Shakespearian drama." Id. at 24-25. He threatened to seek a protective order "because of these temper tantrums you have to throw every few minutes or so." Id. at 25. Ms. Beilke responded that she did not appreciate Mr. Tatavos-Gharajeh's "sexist, inappropriate, demanding" way of speaking to her. Id. at 25, 27. Mr. Tatavos-Gharajeh offered to making speaking objections so that Ms. Beilke "can understand them." Id. at 17; see also id. at 26.

The court agrees with Ms. Beilke that Mr. Tatavos-Gharajeh's conduct was unprofessional and his language rife with sexist undertones. It is not appropriate to call a female attorney "dramatic," it is not appropriate to tell her to "take it easy," it is not appropriate to tell her she is "having temper tantrums." It is difficult to imagine that Mr. Tatavos-Gharajeh would have used the same phrasing had opposing counsel been male. Mr. Tatavos-Gharajeh's language was condescending, unprofessional, and patronizing. Such language is not appropriate in any context, and it is especially inappropriate when opposing counsel is advocating for her client.[2]

As to speaking objections, they are forbidden by Fed. R. Civ. P. 30(c)(2), which requires that objections be concise and specifies that attorneys "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." No party should be engaging in speaking objections or

////

---

[1] Plaintiff's counsel had objected to every question Ms. Beilke posed to plaintiff, each time on multiple grounds. Many if not most of these objections were frivolous. When Ms. Beilke attempted to make a record regarding this practice, Mr. Tatavos-Gharajeh accused her of "asking horrible questions" and "making nonsense arguments." Id. at 17. Mr. Tatavos-Gharajeh attempted to justify his objections on grounds that Ms. Beilke had never defined the terms "meal break" and "rest break," which had been the subject of many questions and which Mr. Tatavos-Gharajeh considered to be legal terms. Id. at 16-17. To the extent that any of these terms required definition, the problem could easily have been addressed without sarcasm or personal attacks.

[2] The court is well aware that counsel accused each other of bad behavior at the deposition. Without viewing the videotape, which the court has no intention of doing, it cannot evaluate the accuracy of Mr. Tatavos-Gharajeh's statements about Ms. Beilke "yelling." Regardless of her tone of voice, however, it is plain from the transcript that Mr. Tatavos-Gharajeh's objections were excessive and his responses to Ms. Beilke were patently unprofessional.

guiding testimony.  All objections "must be stated concisely in a nonargumentative and nonsuggestive manner."  Id.

Despite the court's agreement with Ms. Beilke that Mr. Tatavos-Gharajeh's conduct was improper, the court will not interfere with plaintiff's ability to be represented at her deposition by the counsel of her choice.  Defendant also fails to support the request for $5,000 in sanctions with any type of billing statement.  Accordingly, the court will grant defendant's motion only insofar as plaintiff's counsel is instructed to refrain from inappropriate conduct, including but not limited to speaking objections, personal attacks, and demeaning or sexist language.

The court expects the highest degree of professionalism and civility in all future interactions, including future depositions.  Lapses of professional conduct by any attorney may result in significant monetary or other sanctions.

For all the reasons explained above, IT IS HEREBY ORDERED that defendant's motion at ECF No. 17 is GRANTED insofar as plaintiff's counsel is HEREBY ADMONISHED that conduct such as that identified above shall not be tolerated.

DATED: April 2, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE