UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | No. 2:20-cv-01436 TLN AC<br><br><br>ORDER |

This case is before the court on plaintiff's three motions to compel (ECF Nos. 33, 34, 35), each of which is briefed in a separate joint statement (ECF Nos. 46, 47, 48). These motions collectively present approximately 70 pages of briefing, exclusive of voluminous exhibits. They turn on a common question regarding the scope of pre-certification discovery in this putative class action: whether plaintiff's pre-certification discovery regarding the alleged wage and hour violations (see First Amended Complaint, ECF No. 22) should (1) be limited to the same job position at the same corporate division/location as plaintiff's own employment (Abbot Nutrition division of Abbot Laboratories in Fairfield, CA), or (2) include all hourly-paid or non-exempt California employees of the named defendant Abbott Laboratories. ECF No. 45 at 8-13, ECF No. 47 at 1-3, ECF No. 25 at 1-4.[1]

---

[1] Defendant argues that plaintiff's multiple motions are improper, and that plaintiff has not exhausted meet and confer efforts in good faith. ECF No. 47 at 21. The court agrees that the rush

1

This common underlying question could have been resolved via an informal discovery call. The parties are reminded to review the undersigned's "Standing Orders" posted on the court webpage (http://www.caed.uscourts.gov/caednew/index.cfm/judges/all-judges/united-states-magistrate-judge-allison-claire-ac/). Early resolution of discovery disputes outside the formal Local Rule 251 procedures, via informal phone conference, is encouraged for discrete discovery disputes or general guidance. Additional information is available on the court's website linked above. Alternatively, the issue could have been presented in a single motion. Although plaintiff chose to proceed with three separate motions and extensive briefing, the court finds that the interest of judicial economy dictates a simple ruling on the central issue that cuts through all three motions: the scope of pre-certification discovery.

Plaintiff's motions to compel are granted in part, insofar as the scope of pre-trial discovery will be limited to include all hourly non-exempt employees of Abbot Foods (not limited to plaintiff's exact job title) that worked in the Fairfield, CA location. To the extent plaintiff or defendant believes there are other issues presented in the motions that are not resolved by this conclusion, the motions are denied without prejudice subject to the parties' further meet and confer effort in light of this order. The rule in federal court is that the scope of pre-certification discovery lies within the court's discretion. Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 942 (9th Cir. 2009). Plaintiffs bear the burden of either making a prima facie showing that Rule 23 class action requirements are satisfied or that discovery is likely to produce substantiation of the class allegations. Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir. 1985). The parties do not appear to dispute that some level of pre-certification discovery is appropriate in this case.

In wage and hour class actions, a plaintiff seeking to expand pre-certification discovery into locations beyond that in which the plaintiff personally works or worked must produce some evidence that indicates company-wide violations. Nguyen v. Baxter Healthcare Corp., 275 F.R.D. 503, 508 (N.D. Cal. 2011). Courts in this circuit have consistently ruled that the crux of

---

to multiple motions to compel was improper. It is clear, however, that the parties have reached an impasse as to the scope of pre-certification discovery. Other issues mentioned within the briefing require additional meet and confer, with this order in mind, and are not addressed herein.

1 | this fact-intensive inquiry is whether the plaintiff is able to present evidence of a company-wide
2 | policy or practice that is unlawful; if plaintiff cannot provide such evidence, company-wide
3 | discovery is unreasonably broad, unduly burdensome, and not relevant to certification of a class
4 | common to the plaintiff.  See id.; Martinet v. Spherion Atl. Enters., LLC, No. 07-cv-2178 W
5 | (AJB), 2008 WL 2557490, at *1, 2008 U.S. Dist. LEXIS 48113, at *6 (S.D. Cal. June 23, 2008).
6 | Here, defendant argues that plaintiff worked for Abbot Nutrition in Fairfield, California, a distinct
7 | division of Abbot Laboratories.  ECF No. 48 at 16.  Defendant asserts plaintiff has not presented
8 | evidence of company-wide violation to justify company-wide pre-certification discovery.

Though plaintiff argues that defendant's contention regarding the lack of evidence of company-wide violations is "ludicrous," the undersigned cannot find in the briefing or exhibits any evidence submitted by plaintiff that does, in fact, indicate company-wide violations.  ECF No. 48 at 12.  The examples plaintiff provides—presumably the clearest evidence she has to offer—are allegations that (1) defendant, at least for some time, failed to maintain timeclocks at the employee entrance of the Fairfield building so that employees were required to enter the plant, sanitize, and don their uniforms before clocking in (ECF No. 47-4 (plaintiff's deposition) pp. 50:1-1 ); (2) defendant paid bonuses to plaintiff without calculating them into the regular rate of pay for purposes of overtime compensation (ECF No. 46-5 at 2 (plaintiff's paystub)); (3) defendant maintained a rounding policy to a tenth of an hour for pay, resulting in underpayment (ECF No. 46-5 and 46-6); and (4) defendant communicated with plaintiff and other putative class members off-the-clock on their personal phones for purposes of scheduling and obtaining work updates without reimbursing employees (ECF No.47-4 pp. 52:6-53-13, 54:4-15).  Plaintiff argues that donning/doffing off the clock due to the physical location of the clock impacted all hourly employees at her work site.  ECF No. 48 at 12-13.  The court agrees this would likely be the case.  However, the court disagrees that this building-specific issue necessarily implicates the entire company.  Nor does the court agree with plaintiff's assertion that the timekeeping issues are company-wide on the ground that the company uses the same timekeeping software for all employees; plaintiff presents no evidence to support this assertion.  Based on the evidence presented by plaintiff, pre-certification discovery going to the entire company would be over-

broad and unduly burdensome.

In light of the foregoing, the court ORDERS as follows:

1. Plaintiff's motions to compel (ECF Nos. 33, 34, 35) are GRANTED in part, insofar the scope of plaintiff's pre-certification discovery shall include all hourly/non-exempt employees of Abbot Foods (not limited to plaintiff's exact job title) that worked in the Fairfield, CA location. The motions are otherwise DENIED without prejudice.
2. Each party shall bear its own fees and costs with respect to these motions, though the parties are cautioned that if future discovery motions are brought without adequate attempts to meet and confer the court will not hesitate to impose sanctions.

DATED: July 6, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE