UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA SANCHEZ, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES, an Illinois Corporation; and DOES 1 through 100, inclusive;<br><br>Defendants. | No. 2:20-cv-01436-TLN-AC<br><br>**ORDER** |

This matter is before the Court on Plaintiff Graciela Sanchez's ("Plaintiff") Motion to Strike Affirmative Defenses from Defendant's Answer to the First Amended Complaint. (ECF No. 31.) Defendant Abbott Laboratories ("Defendant") filed an opposition. (ECF No. 38.) Plaintiff filed a reply. (ECF No. 41.) For the reasons set forth below, the Court GRANTS in part and DENIES in part Plaintiff's motion.

///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this putative class action against Defendant, alleging the following wage and hour claims: (1) unpaid overtime; (2) unpaid meal period premiums; (3) unpaid rest period premiums; (4) unpaid minimum wages; (5) final wages not timely paid; (6) noncompliant wage statements; (7) unreimbursed business expenses; and (8) violation of California Business & Professions Code §§ 17200, *et seq*. (ECF No. 1-1.) Plaintiff filed the operative First Amended Complaint ("FAC") on March 18, 2021. (ECF No. 20-1.) Defendant filed its Answer to Plaintiff's FAC on April 9, 2021. (ECF No. 30.) On April 29, 2021, Plaintiff filed the instant motion seeking to strike many of Defendant's affirmative defenses. (ECF No. 31.)

### II. STANDARD OF LAW

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Rule 12(f) motions, however, are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Id*. Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 826 (9th Cir. 1979); *see also* Fed. R. Civ. P. 15(a)(2).

In *Wyshak*, the Ninth Circuit stated: "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak*, 607 F.2d at 827. Under the fair notice standard, a defendant is only required to "state the nature and grounds for the affirmative defense" rather than plead a detailed statement of the facts upon which the defense is based. *Kohler v. Islands Rests., LP*, 280 F.R.D. 560, 564 (S.D. Cal. 2012). "On the other hand, an affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'" *Id*. (quotation omitted). The pleadings are

2

only required to describe each defense in "general terms" if it gives the plaintiff fair notice of the nature of the defense. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). For well-established defenses, merely naming them may be sufficient. *See Ganley v. Cnty. of San Mateo*, No. 06-cv-3923-TEH, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007).

This Court has previously found that the heightened pleading standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) does not apply to affirmative defenses asserted in a defendant's answer. *Dodson v. Gold Country Foods, Inc.*, No. 2:13-cv-0336-TLN-DAD, 2013 WL 5970410 (E.D. Cal. Nov. 4, 2013). "If a court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving the assessment of the sufficiency of the allegations for adjudication on the merits after proper development of the factual nature of the claims through discovery." *Springer v. Fair Isaac Corp.*, No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *2 (E.D. Cal. Nov. 16, 2015) (citing *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010)). Accordingly, the Court analyzes Plaintiff's motion under the *Wyshack* "fair notice" standard.

### III.  ANALYSIS

Plaintiff argues Defendant's affirmative defenses 1, 4–6, 8–10, 12–13, 16–19, 21, 30, 33, and 35–36 should be stricken as legally insufficient, factually insufficient, redundant, impertinent, or immaterial. (ECF No. 31.) Plaintiff also argues the Court should strike Defendant's prayer for relief. (*Id.*) The Court will address Plaintiff's arguments in turn.

#### A.  Affirmative Defense 1

Plaintiff moves to strike Defendant's first affirmative defense asserting failure to state a claim because it is not a proper affirmative defense. (ECF No. 31 at 11.) In opposition, Defendant concedes that district courts are split over whether failure to state a claim is a proper affirmative defense but argues that the "courts that refuse to strike this defense . . . heed both the plain language of the Rules and their intent more faithfully." (ECF No. 38 at 11.)

The Court agrees with Plaintiff. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [plaintiff's] prima facie case . . . [and] is more properly

3

brought as a motion." *Estate of Haile Neil v. Cnty. of Colusa*, No. 2:19-cv-02441-TLN-DB, 2023 WL 3977055, at *3 (E.D. Cal. June 13, 2023) (quoting *Powell v. Union Pac. R. Co.*, 864 F.Supp.2d 949, 962–63 (E.D. Cal. 2012)).

Because failure to state a claim is not a proper affirmative defense, Plaintiff's motion to strike Defendant's first affirmative defense is hereby GRANTED without leave to amend.

### B.     Affirmative Defense 8

Plaintiff moves to strike Defendant's eighth affirmative defense asserting failure to satisfy class action prerequisites because Plaintiff argues such an assertion should instead be pleaded as "a failure of Plaintiff's *prima facie* case." (ECF No. 31 at 11.)  In opposition, Defendant withdraws its eighth affirmative defense and reserves the right to argue that Plaintiff has failed to prove class action prerequisites as part of her *prima facie* case. (ECF No. 38 at 12.)

Based on Defendant's withdrawal, the Court GRANTS Plaintiff's motion to strike Defendant's eighth affirmative defense without leave to amend.

### C.     Affirmative Defense 9

Plaintiff moves to strike Defendant's ninth affirmative defense alleging lack of standing, arguing she adequately alleges her injury. (ECF No. 31 at 12.)  In opposition, Defendant argues such merits-based arguments are inappropriate on a motion to strike.  (ECF No. 38 at 13.)

This Court previously declined to strike lack of standing as an affirmative defense. *Brooks v. Tapestry, Inc.*, No. 2:21-cv-00156-TLN-JDP, 2022 WL 3229779, at *2 (E.D. Cal. Aug. 10, 2022).  In *Brooks*, the plaintiff argued the Court should strike down the defendant's affirmative defense as to standing because "a defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Id*.  In opposition, the defendant argued that "lack of standing can be used as an affirmative defense because discovery will reveal the extent of Plaintiff's injury and Plaintiff's claims will not succeed if she does not show injury." *Id*. Citing a recent case, this Court agreed with the defendant and declined to strike the lack of standing defense. *Id*. (citing *Peacock v. Pabst Brewing Co., LLC*, No. 2:18-cv-00568-TLN-CKD, 2022 WL 446201, at *4 (E.D. Cal. Feb. 14, 2022)).  Likewise, the Court declines to strike Defendant's lack of standing defense in the instant case.

1    Therefore, the Court DENIES Plaintiff's motion to strike Defendant's ninth affirmative
2    defense.[1]

### D.    Affirmative Defense 10

Plaintiff moves to strike Defendant's tenth affirmative defense asserting lack of manageability. (ECF No. 31 at 12 (citing *Garcia v. Schlumberger Lift Sols., LLC*, No. 1:18-cv-01261-DAD-JLT, 2020 WL 903208, at *2, *3 (E.D. Cal. Feb. 25, 2020)).) Defendant argues that Plaintiff misrepresents *Garcia* as the *Garcia* court did not strike the defendant's defense based on lack of manageability but instead allowed the defendant leave to amend to add that defense. (ECF No. 38 at 12.)

The Court agrees with Defendant. While *Garcia* noted manageability is not an affirmative defense *per se*, *Garcia* granted the defendants leave to amend to add manageability as an affirmative defense since "the plaintiff has not shown that such a defense is not viable under any set of facts." *Garcia*, 2020 WL 903208, at *3 (noting that denial of leave to amend to add the manageability defense would be inappropriate given the "extreme liberality" of Rule 15); *see Dodson*, 2013 WL 5970410, at *2 ("[A]n affirmative defense is legally insufficient only if it clearly lacks merit 'under any set of facts the defendant might allege.'"). Similarly, because Plaintiff has not shown that Defendant's tenth affirmative defense is not viable under any set of facts, the Court declines to strike Defendant's manageability defense.

Accordingly, the Court DENIES Plaintiff's motion to strike Defendant's tenth affirmative defense.

### E.    Affirmative Defenses 13, 16, and 30

Plaintiff moves to strike Defendant's thirteenth (lack of injury), sixteenth (noncompensable work), and thirtieth (no employment relationship) affirmative defenses as improper because, such as with Defendant's first, eighth, ninth, and tenth affirmative defenses, they concern elements of Plaintiff's claims. (ECF No. 31 at 12–13, 18.) In opposition, Defendant argues that asking the Court to "make factual determinations that go to [the] merits of the case" is

---

[1] The same reasoning would apply to the two corresponding affirmative defenses based on lack of injury (Affirmative Defense 13) and noncompensable work (Affirmative Defense 16).

"not appropriate under a Rule 12(f) motion to strike." (ECF No. 38 at 13 (quoting *Guifu Li v. A Perfect Franchise, Inc.*, No. 5:10-cv-01189-LHK, 2011 WL 2971046, at *4 (N.D. Cal. July 21, 2011)).)

The Court agrees with Defendant and declines to address the merits of Defendant's defenses under a Rule 12(f) motion to strike. *See Storz Mgmt. Co. v. Carey*, No. 2:18-cv-00068-TLN-DB, 2022 WL 2181661, at *3 (E.D. Cal. June 16, 2022) ("The discretion of whether to grant a motion to strike is soundly with the Court."). As the movant, Plaintiff fails to offer any supporting authority for striking these defenses. *See id.* (denying plaintiffs' motion to strike affirmative defenses because they "fail to . . . provide sufficient authority to support dismissing [those] affirmative defenses").

Therefore, the Court DENIES Plaintiff's motion to strike Defendant's thirteenth, sixteenth, and thirtieth affirmative defenses.

### F.     Affirmative Defenses 4, 6, 17, 18, 19, 35, and 36

Plaintiff moves to strike Defendant's fourth (no willful violation), sixth (substantial compliance), seventeenth (noncompensable time), eighteenth (inadvertence or clerical error), nineteenth (no harm or injury), thirty-fifth (preliminary or post-liminary activities), and thirty-sixth (practice not unfair) affirmative defenses as factually insufficient to place Plaintiff on notice of Defendant's defenses. (ECF No. 31 at 15–20.) In opposition, Defendant argues that such questions of fact are inappropriate for courts to resolve on a motion to strike. (ECF No. 38 at 17.)

Previously, this Court found an affirmative defense "pleaded with just a single sentence" to be sufficiently pleaded. *Springer*, 2015 WL 7188234, at *4. In *Springer*, "Defendant merely stated, 'Plaintiff is barred by the doctrine of unclean hands from asserting the claims, and each of them.'" *Id*. Nonetheless, this Court found that "[t]his statement, despite being vague and general, [did] put Plaintiff on notice of Defendant's intentions to claim an affirmative defense under the doctrine of unclean hands." *Id*. Similarly, the Court finds Defendant's fourth, sixth, seventeenth, eighteenth, nineteenth, thirty-fifth, and thirty-sixth affirmative defenses to adequately place Plaintiff on notice of Defendant's defenses to Plaintiff's claims.

///

Accordingly, the Court DENIES Plaintiff's motion to strike Defendant's fourth, sixth, seventeenth, eighteenth, nineteenth, thirty-fifth, and thirty-sixth affirmative defenses.

### G.  Affirmative Defenses 5, 12, 21, and 33

Plaintiff moves to strike Defendant's fifth (good faith dispute), twelfth (*de minimis* time), twenty-first (unjust penalties), and thirty-third (unjust enrichment) affirmative defenses as factually devoid and immaterial in the context of "statutorily mandated" Labor Code violations. (ECF No. 31 at 14–15, 17–18.) In opposition, Defendant contends *Wyshack*'s fair notice standard only requires that defendants describe affirmative defenses in "general terms" while Plaintiff's concession that only "certain" Labor Code provisions carry statutory mandates recognizes that a good faith dispute exists for at least some provisions. (ECF No. 38 at 14.)

For the same reasons previously stated, the Court agrees with Defendant and finds these defenses to be factually sufficient under *Wyshack*'s fair notice standard. Furthermore, "[f]ederal courts are very reluctant to determine disputed or substantial issues of law … on a motion to strike." *Kaur v. City of Lodi*, No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *3 (E.D. Cal. Feb. 17, 2016) (explaining that only notice, not proof, is required at this juncture in litigation). Accordingly, the issue of which labor code violations carry statutory mandates is a dispute that the Court declines to determine at this juncture.

Therefore, the Court DENIES Plaintiff's motion to strike Defendant's fifth, twelfth, twenty-first, and thirty-third affirmative defenses.

### H.  Defendant's Prayer for Relief

Plaintiff moves to strike Defendant's Prayer for Relief as both procedurally and substantively deficient. (ECF No. 31 at 20.) More specifically, Plaintiff — without citing to any authority — asserts Defendant inappropriately includes a Prayer for Relief in its Answer instead of as a counterclaim and alleges Defendant's request for attorney's fees is unsupported under California law. (*Id*.) In opposition, Defendant points to Rule 54(d)(1), which allows for costs to the prevailing party and for attorney's fees to be sought by motion. (ECF No. 38 at 18.)

As the movant, Plaintiff fails to persuade the Court that Defendant's prayer for relief is substantively "unsupported" or procedurally deficient. Accordingly, the Court DENIES

7

Plaintiff's motion to strike Defendant's prayer for relief.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part Plaintiff's Motion to Strike.  (ECF No. 31.)  The Court STRIKES the first and eighth affirmative defenses without leave to amend.  The motion is DENIED in all other respects.

IT IS SO ORDERED.

Date:  September 22, 2023

Troy L. Nunley
United States District Judge